IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GYPSIE JONES, | ) | CIV-S-04-1030 GEB GGH |
| Plaintiff, | ) | ORDER |
| v. | ) | |
| TACO BELL CORP., | ) | |
| Defendant. | ) | |

       Defendant moves for summary judgment on Plaintiff's claims under the Americans with Disabilities Act ("ADA"). Plaintiff did not file an opposition to Defendant's motion, but instead moved to stay the action.[1] Defendant opposes Plaintiff's motion to stay and moves for the imposition of sanctions. For the following reasons, Plaintiff's motion to stay is denied, Defendant's motion for summary judgment is granted, and Defendant's motion for sanctions is denied.

---

[1] On the day Plaintiff's opposition to Defendant's motion for summary judgment was due, Plaintiff filed a request for a continuance of Defendant's motion and a counter-motion for a stay. In the request for continuance and counter-motion to stay, Plaintiff asserts that she "opposes [Defendant's] motion," and requests that "if the court is disinclined to continue the hearing date, she [be given] a 48-hour extension (from the moment the court issues its order denying her continuance) to file her opposition." Although Plaintiff asserts she opposes the motion, she did not timely file an opposition as required by Local Rule 78-230(c).

1

DISCUSSION

I. Motion to Stay

Plaintiff asserts that her motion to stay this action should be granted since a pending class action, which was filed before the instant action was commenced, "share[s] identical issues and parties" with the instant action. (Pl.'s Mot. for Stay at 7.) However, Plaintiff's stay motion is untimely in light of the litigation that has occurred in the instant action and since it only appears to be made in response to Defendant's summary judgment motion. Therefore, it is denied.

II. Motion for Summary Judgment

A. ADA Claims

Plaintiff alleges several violations of the ADA Accessibility Guidelines ("ADAAG") in Defendant's Taco Bell Restaurant #3007 ("Restaurant"). Defendant moves for summary judgment, arguing that there is no genuine issue of material fact on any of Plaintiff's claims for injunctive relief under the ADA. For the following reasons, Defendant's motion for summary judgment on Plaintiff's ADA claims is granted.

1. Plaintiff alleges that the tow away sign outside the Restaurant is the wrong color. (Compl.: Preliminary Site Accessibility Report ("AR") ¶ 2.) However, the ADAAG does not require tow away signs. (Id.; see ADAAG 4.6.)

2. Plaintiff alleges that there are no exterior route of travel signs. (AR ¶ 8.) However, no such signs are required at the Restaurant "because there is no deviation from the route of way for the general public." (Def.'s Mot. for Summ. J. at 8; see ADAAG 4.1.)

1    3.  Plaintiff alleges that there is "[n]o directional
2 signage to the restroom."  (AR ¶ 17.)  However, the ADAAG only
3 requires signage when "not all [restrooms] are accessible."  (ADAAG
4 4.1.2(7)(d).)
5    4.  Relying on ADAAG 4.4.1, Plaintiff alleges that the
6 "[t]oilet tissue dispenser [in the restroom] protrudes more than 4
7 inches from [the] wall."  (AR ¶ 25.)  However, Defendant avers that
8 the dispenser is below 27" and therefore is not covered by rule 4.4.1.
9 (Blackseth Decl. at ¶ 6.)
10    5.  Plaintiff alleges that the "[t]oilet tissue dispenser is
11 3 inches in front of the water closet not [the] required 12 inches in
12 front."  (AR ¶ 22.)  However, Defendant correctly notes that the ADAAG
13 only requires that the dispenser be "installed within reach."  (Def.'s
14 Mot. for Summ. J. at 9; ADAAG 4.16.)
15    6.  Plaintiff alleges that the condiment counter fails to
16 comply with the ADAAG because it lacks a section that is 36" by 24"
17 and is 34" high.  (AR ¶ 10.)  However, Plaintiff cites no ADAAG
18 section supporting this allegation.  (<u>See</u> <u>id.</u>)  Furthermore, ADAAG 5.6
19 requires "Self-service shelves and dispensing devices for tableware,
20 dishware, condiments, food and beverages [to] be installed to comply
21 with 4.2."  ADAAG 4.2 specifies reach heights between 15" and 48" for
22 forward reach and 9" and 54" for side reach.  Plaintiff does not
23 allege that the condiment counter fails to comply with these
24 requirements.
25    7.  Plaintiff alleges that the "[t]ow away sign has no phone
26 number"; the accessible parking signage lacks the required "separate
27 van accessible sign"; there is "[n]o accessible parking signage at one
28 space"; the accessible aisle is not painted with a "no parking" sign;

1  the "[e]ntrance door has no [International Symbol of Accessibility]";
2  the "[d]ining room booths do not have 30 inches between cushions"; the
3  "[d]ining room seating does not offer 19 inches before an
4  obstruction"; and the "[p]atio seating does not offer 19 inches before
5  an obstruction."  (AR ¶¶ 1, 3-5, 9, 11-12, 15.)  Defendant avers that
6  all of these conditions have been fixed or are otherwise in
7  compliance.  (Def.'s Separate Statement of Undisputed Material Facts
8  ("SUF") at ¶¶ 10-14, 17, 19-20.)

9         8.   Plaintiff also alleges that the following violations are
10 present in the Restaurant's restroom:[2] the "[s]tall door [is] not self
11 closing"; the "[o]utside stall door does not have [an] accessible
12 handle"; the "[i]nside stall door does not have [an] accessible
13 handle"; the "[c]learance for [the strike side] area on [the] interior
14 doors is not 18 inches on the pull side and 12 inches on the push
15 side"; the "[t]oilet tissue dispenser['s] leading edge is 44 inches
16 from [the] back wall, not 36 inches maximum"; the "[t]oilet tissue
17 dispenser [is] not mounted below [the] grab bar"; the "[c]enter of
18 [the] lavatory [is] 9 inches from wall not 18 inch minimum"; the
19 "[d]rainpipes under [the] lavatory [are] 9 inches from the wall not 6
20 inch maximum"; the "[h]ot water and drainpipes are not insulated";
21 there is "[n]ot a 30 by 48 inch minimum clear space in front of [the]
22 lavatory"; and the "[s]tall door is an obstruction to [the] lavatory
23 and soap dispenser."  (AR ¶¶ 18-21, 23-24, 26-30.)  However, Defendant
24 avers that all of these conditions have been fixed or are otherwise in
25 compliance with the ADAAG.  (SUF ¶¶ 25-27, 29-30, 34-37.)

---

[2] Plaintiff does not specify which restroom she complains does not comply with the ADAAG.  However, it is assumed that Plaintiff's allegations concern the women's restroom since Plaintiff is a woman. (SUF ¶ 5.)

4

1          For the stated reasons, Defendant's summary judgment motion
2    on Plaintiff's ADA claims is granted.
3              B.   State Law Claims
4          Since all of the claims over which original jurisdiction was
5    exercised have been resolved, the issue whether jurisdiction should
6    continue being exercised over Plaintiff's remaining state law claims
7    is decided because exercise of supplemental jurisdiction is
8    discretionary.  <u>City of Chicago v. Int'l Coll. of Surgeons</u>, 522 U.S.
9    156, 172-173 (1997); <u>Mendoza v. Zirkel Fruit Co.</u>, 301 F.3d 1163, 1174
10   (9th Cir. 2002).  Under 28 U.S.C. § 1367(c), a district court may
11   decline to exercise supplemental jurisdiction over a state claim where
12   "the district court has dismissed all claims over which it has
13   original jurisdiction . . . ."  28 U.S.C. § 1367(c).  "[W]hen deciding
14   whether to exercise supplemental jurisdiction, a federal court should
15   consider and weigh in each case, and at every stage of litigation, the
16   values of judicial economy, convenience, fairness, and comity."  <u>City</u>
17   <u>of Chicago</u>, 522 U.S. at 173 (internal citations omitted).  "[I]n the
18   usual case in which all federal-law claims are eliminated before
19   trial, the balance of factors . . . will point toward declining to
20   exercise jurisdiction over the remaining state-law claims."
21   <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n.7 (1988); <u>see</u>
22   <u>Bryant v. Adventist Health Sys./West</u>, 289 F.3d 1162, 1169 (9th Cir.
23   2002) (applying <u>Carnegie-Mellon</u> to supplemental jurisdiction).
24   "Needless decisions of state law should be avoided both as a matter of
25   comity and to promote justice between the parties, by procuring for
26   them a surer-footed reading of applicable law."  <u>United Mine Workers</u>
27   <u>of Am. v. Gibbs</u>, 383 U.S. 715, 726 (1966).  In this action,
28   application of these values favors dismissal of Plaintiff's remaining

                                        5

state claims under 28 U.S.C. § 1367(c).  Therefore, Plaintiff's state claims are dismissed as of the date on which this Order is filed.

### III.  Motion for Sanctions

Defendant moves for the imposition of sanctions "under the Court's inherent powers and Federal Rule of Civil Procedure 16." (Def.'s Notice of Mot. for Sanctions at 1.)  Defendant has not shown that sanctions are warranted under Rule 16(f).  Furthermore, Defendant has not shown the need for the use of inherent authority since 28 U.S.C. § 1927 provides the explicit authority applicable to the alleged conduct at issue.  Therefore, Defendant's motion for sanctions is denied.

### CONCLUSION

Plaintiff's motion to stay is denied, Defendant's motion for summary judgment on Plaintiff's ADA claims is granted, and Defendant's motion for sanctions is denied.  Further, Plaintiff's state law claims are dismissed as of the date on which this Order is filed.  Therefore, the Clerk of the Court is directed to enter judgment in favor of Defendant.

IT IS SO ORDERED.

Dated:  June 14, 2005

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge